NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000328
14-MAR-2019
08:26 AM

NO. CAAP-18-0000328


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


NORMAN KARL DOMINGCIL ACUPAN and MARISA CLAIRE IHARA VALENCIANO,
Plaintiffs-Appellees, v. MILISAV MICHELE NEDELJKOVIC;
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; AND DOE GOVERNMENTAL ENTITIES 1-10,
Defendant/Third-Party Plaintiff/Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 16-1-0005)


ORDER DENYING THE MARCH 11, 2019 MOTION
TO RECONSIDER THE MARCH 11, 2019 ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Reifurth, Presiding Judge, Chan and Hiraoka, JJ.)

Upon review of (1) the March 11, 2019 order dismissing appellate court case number CAAP-18-0000328 for lack of appellate jurisdiction, (2) Defendant/Third-Party Plaintiff/Appellant Milisav Michele Nedeljkovic's ("Nedeljkovic") March 11, 2019 motion to reconsider the March 11, 2019 dismissal order pursuant to Rule 40 of the Hawaiʻi Rules of Appellate Procedure (HRAP), and (3) the record, it appears that we did not overlook or misapprehend any points of law or fact when we entered the May 11, 2019 dismissal order.

In support of Nedeljkovic's March 11, 2019 HRAP Rule 40 motion for reconsideration, Nedeljkovic argues that the order that he is appealing implicates the United States Supreme Court's holding in Forgay v. Conrad, 47 U.S. 201 (1848), under which

appellate courts "have jurisdiction to consider appeals from judgments which require immediate execution of a command that property be delivered to the appellant's adversary, and the losing party would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation." Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (citations, internal quotation marks and brackets omitted). However, the order appealed from in this case, namely the March 13, 2018 "Order Denying Defendant Milisav M. Nedeljkovic's Motion to Set Aside Default Judgment," does not contain language that "require[s] immediate execution of a command that property be delivered to" Plaintiffs-Appellees Norman Karl Domingcil Acupan (Acupan) and Marisa Claire Ihara Valenciano (Valenciano).

Although the circuit court had previously entered a January 6, 2017 order granting Acupan and Valenciano's motion for default judgment against Nedeljkovic as to their two-count complaint, that January 6, 2017 order expressly contemplated the subsequent entry of a separate "judgment" document for the purpose of triggering a limited sixty-day time period for Nedeljkovic to convey the subject property. The circuit court never entered the separate judgment, and, thus, the sixty-day time period for conveying the subject property was never triggered.

In an order entered nine months later on September 15, 2017, the circuit court granted Acupan and Valenciano access to the subject property for the mere purpose of inspecting it, not taking possession of it, and expressly denied Acupan and Valenciano's request to appoint a commissioner to enforce and carry out the remedy of specific performance. Nedeljkovic has apparently not yet surrendered possession of the subject property, nor has the circuit court directed Nedeljkovic to do so on a date certain in the future.

While the record does not reveal why the circuit court has refrained from entering the separate judgment or a writ of

2

possession relating to the January 6, 2017 order, the record does reveal that the circuit court has chosen, instead, to grant Nedeljkovic leave to file his directly-related April 26, 2018 third-party complaint that asserts seven separate counts against Third-Party Defendant/Appellee All Islands, Inc., dba Century 21 All Islands (All Islands), all of which remain pending and unresolved before the Circuit Court.  Regardless of the circuit court's rationale for proceeding as it has, the Forgay doctrine does not appear to apply to any order in this case, including the appealed March 13, 2018 "Order Denying Defendant Milisav M. Nedeljkovic's Motion to Set Aside Default Judgment."  In the absence of a final judgment that resolves all claims as to all parties, Nedeljkovic's appeal is premature.

Therefore, IT IS HEREBY ORDERED that Nedeljkovic's March 11, 2019 motion for reconsideration of the March 11, 2019 dismissal order is denied.

DATED:  Honolulu, Hawai'i, March 14, 2019.


Presiding Judge


Associate Judge


Associate Judge

3